IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WINSTON MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:96CV137-T |
| | ) | |
| JO ANNE BARNHART, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 21, 1997, this court entered a judgment remanding this action to the Commissioner, finding that the Commissioner's decision was not supported by substantial evidence. (Doc. ## 10, 11). On June 24, 1997, plaintiff's counsel filed an application for fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. # 12). The application was denied because it was not timely filed. (Docs. ## 13, 14).[1]

On July 25, 1997, an ALJ rendered a decision favorable to the plaintiff. (See Doc. # 15, p. 1). This action is presently before the court on the petition for authorization of attorney's fees filed by plaintiff's counsel on April 22, 2005 pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel seeks authorization from this court to charge her client a fee of $5,202.00 for 23.4 hours of legal services rendered before this court, representing the remainder of 25

---

[1] At the time this order was entered, timeliness of an EAJA petition was jurisdictional under Eleventh Circuit precedent. See Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990). In Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856, 1865 (2004), the Court clarified that the EAJA's "30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'"

percent of past due benefits withheld for payment of attorney's fees.[2] (See Notice of Award dated November 28, 1999 at p. 3, attached to Doc. # 17).

42 U.S.C. 406(b) provides as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Plaintiff's counsel has not provided the court with a copy of her fee agreement with her client, but she represents that the agreement provides for a contingency fee of twenty-five percent of past-due benefits. (Doc. # 15, p. 2). In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court addressed the proper manner for evaluating § 406(b) petitions in the context of contingency fee agreements. The Court held that § 406(b) does not displace contingency fee agreements but, instead, "calls for court review of such [contingency] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807. The burden is on the attorney for the claimant to "show that the fee sought is reasonable for the services rendered." Id.

In this case, the fee sought by plaintiff's counsel is not reasonable. When a plaintiff

---

[2] The Commissioner previously awarded plaintiff's counsel $8,500.00 for work performed at the administrative level. (April 6, 2001 letter from Commissioner's regional office to plaintiff's counsel, attached to Doc. # 17).

receives an award of fees pursuant to the EAJA, the United States pays some or all of the attorney fees to which plaintiff's counsel is entitled under the fee agreement. "The EAJA was designed to eliminate the economic deterrents which cause those with valid claims against the government but few financial resources to avoid seeking relief in the courts." Singleton v. Apfel, 231 F.3d 853, 858 (11th Cir. 2000)(citing H.R. Rep. No. 99-120, pt. 1 at 4 (1985)). As plaintiff's counsel previously argued, "[t]he Supreme Court of the United States has termed the EAJA a 'lifeline' which Congress intended to throw to prevailing Social Security claimants." (EAJA application, Doc. # 12, p. 1)(citing Sullivan v. Hudson, 109 S.Ct. 2248, 2256 (1989)). Had plaintiff received an EAJA award, plaintiff's counsel would have been required to refund the smaller of that award or the amount of fees authorized pursuant to 42 U.S.C. § 406(b) to the plaintiff.

However, plaintiff was precluded from receiving an EAJA fee award because his attorney neglected to file a petition within the required time period. Under these circumstances, an award of § 406(b) fees to plaintiff's counsel for the remainder of the twenty-five percent of past-due benefits is not reasonable. Plaintiff's counsel's fee award is due to be reduced by the amount of fees claimed by plaintiff in the untimely EAJA petition. For purposes of this motion – in part because the United States was not required to respond to plaintiff's untimely EAJA petition and, thus, did not advance any objection to the fee – the court accepts the argument of plaintiff's counsel in the delinquent fee petition that plaintiff was entitled to recover attorney fees in the amount of $2,451.00 pursuant to the EAJA. (See Doc. # 12, p. 2).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's counsel's motion for allowance of attorney's fee under the Social Security Act (Doc. # 15) be GRANTED to the extent that the Commissioner is DIRECTED to pay to plaintiff's attorney the amount of $2,751.00 from plaintiff's withheld past due benefits and to pay the remainder of the withheld past-due benefits to the plaintiff.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to the said Recommendation on or before June 15, 2004.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 2nd day of June, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE